Thomas E. MADER and Judy Mader, Plaintiffs,

v.

AMERICAN MOTORS CORPORATION and American Motor Sales Corporation, Defendants.

No. 5–82 CIV 288.

United States District Court, D. Minnesota, Fifth Division.

June 21, 1985.

Grose, Von Holtum, Sieben & Schmidt, Ltd. by Clint Grose, Minneapolis, Minn., for plaintiffs.

Oppenheimer, Wolff, Foster, Shepard and Donnelly by Mark S. Olson, St. Paul, Minn., for defendants.

### MEMORANDUM ORDER

ALSOP, Chief Judge.

This matter comes before the Court upon defendants' motion for partial summary judgment pursuant to Fed.R.Civ.P. 56. Defendants seek to dismiss count two of plaintiffs' complaint on the ground that the applicable statute of limitations bars plaintiffs' claim for breach of warranty. In a previous memorandum order dated April 8, 198[3], this court assumed, without deciding, that the applicable statute of limitations for plaintiffs' claims was six years.

This personal injury action arises from an automobile accident which occurred on September 17, 1976. In a memorandum order dated April 8, 198[3], this court held that the action was commenced on September 15, 1982. In count two of the complaint, plaintiffs allege a breach of express and implied warranties. Defendants contend that this claim is barred by the four-year statute of limitations of the Uniform Commercial Code. *See* Minn.Stat. § 336.2–725 (1984). Plaintiffs counter that their breach of warranty claim sounds in tort, not contract, and is therefore governed by Minnesota's six-year statute of limitations for negligence. *See* Minn.Stat. § 541.05, subd. 1(5) (1984). Thus, a determination of the applicable statute of limitations will dispose of defendants' motion.

The issue before the Court is what limitation period applies to a claim for the recovery of damages for personal injuries resulting from a breach of warranty. The Minnesota appellate courts have not yet addressed this issue. The state district courts which have confronted the issue are split. *Compare Anderson v. Leisure Group Inc.*, No. 786259 (Hennepin County District Court Nov. 26, 1984) and *Abbett v. City of Duluth*, No. 153348 (St. Louis County District Court Oct. 25, 1984) (four-year limitation period) *with Krein v. Raudabough*, No. B–54060–8934 (Anoka County District Court Apr. 22, 1985) (six-year limitation period). Courts in other jurisdictions are also split on the issue. *See* Annot., 20 A.L.R. 4th 915 (1983).

The Minnesota Uniform Commercial Code (UCC) prescribes a four-year statute of limitations for actions alleging a breach of warranty:

(1) An action for breach of any contract for sale must be commenced within *four years* after the cause of action has accrued....

(2) The cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Minn.Stat. § 336.2–725 (1984) (emphasis added).

The official code comment to Minn.Stat. § 336.2–725 is instructive, stating in pertinent part:

The prior limitation period for contract actions was six years. Minn.Stat. § 541.05(1) (1961). For tort actions, it is two years. Minn.Stat. § 541.07(1) (1961). In some states the tort limitation period has been held applicable to actions for the recovery of damages for personal injuries caused by breach of warranty. [Citation omitted.] *This subsection fixes the period at four years for all breaches, including breach of warranty, and so eliminates all doubt as to whether the contract or tort limitation period applies to actions for the recovery of damages for personal injuries resulting from the breach of warranty.*

21A Minn.Stat.Ann. § 336.2–275, at 775 (West 1966) (emphasis added). The Minnesota code comments "are indispensable to a complete understanding of the Code." Preface to *id.*, at III. On their face, both the statute and the code comment unambiguously prescribe a four-year limitation period to all personal injury actions resulting from breach of warranty.

Plaintiffs argue that the four-year UCC limitation period is inapplicable in an action, such as this, alleging personal injury caused by a tortious breach of warranty. Instead, plaintiffs maintain that Minnesota's six-year negligence limitation period is more appropriate in the instant matter. Minn.Stat. § 541.05, subd. 1 (1984) provides in pertinent part:

*Except where the Uniform Commercial Code otherwise prescribes, the following actions shall be commenced within six years:*

(5) ... for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated; ...

(Emphasis added.) Plaintiffs present two arguments to support their position.

First, plaintiffs contend that the four-year UCC limitation period, Minn.Stat.

§ 336.2–725, is inapplicable to count two of their complaint. Plaintiffs observe that the official code comment refers to the two-year limitation period for intentional torts (Minn.Stat. § 541.07(1) ) rather than the six-year limitation period for negligence (Minn. Stat. § 541.05, subd. 1(5) ). On this basis, plaintiffs argue that Minn.Stat. § 336.2–725 extends the limitation period for personal injury actions alleging an intentional breach of warranty claim from two years to four years. Thus, according to plaintiffs, the UCC warranty limitation period does not reduce the six-year limitation period for bringing a negligence breach of warranty claim.

The Court finds this argument unpersuasive. Plaintiffs interpretation runs counter to the plain meaning of both the statute and the code comment. The code commentator's reference to a tort limitation period contrasts his view of the Minnesota statute, which adopts the four-year UCC limitation period for all breach of warranty claims, to the contrary position of those states which fail to apply the UCC limitation period in personal injury actions alleging breach of warranty. The commentator's reference to Minn.Stat. § 541.07(1), the two-year limitation period for intentional torts, rather than Minn.Stat. § 541.05, subd. 1(5), the six-year limitation period for negligence, is of no moment to either this court's or the code commentator's analysis.

Furthermore, the statute which plaintiffs rely upon, Minn.Stat. § 541.05, subd. 1(5), was amended by the Minnesota Legislature at the same time that the UCC was enacted, to include: "[e]xcept where the Uniform Commercial Code otherwise prescribes." *See* 1965 Minn.Laws Ch. 812, § 20. Thus, under the explicit terms of Minn.Stat. § 541.05, subd. 1(5), the four-year UCC limitation period takes precedence over the six-year negligence limitation period. This statutory construction, consistent with the code comment, mandates a four-year limitation period for all personal injury actions resulting from breach of warranty.

Plaintiffs' second contention is that Minnesota courts distinguish tortious breach of warranty claims from contractual breach of warranty claims. Under this analysis, plaintiffs maintain that only contractual breach of warranty claims are affected by the four-year limitation period of the UCC. In contrast, plaintiffs maintain that the six-year limitation period of Minn.Stat. § 541.-05, subd. 1(5) applies to a tortious breach of warranty claim.

To support this theory, plaintiffs rely on the landmark case of *McCormack v. Hankscraft Co.*, 278 Minn. 322, 154 N.W.2d 488 (1967), in which the Minnesota Supreme Court adopted the theory of strict liability in tort. In *McCormack*, the supreme court stated:

Defendant argues that plaintiff is barred from recovery for breach of express warranty because of failure to give notice of such breach within a "reasonable time" as required by ... the Sales Act. We cannot agree. This argument, not unlike defendant's suggestion that the absence of privity of contract between defendant and plaintiff should likewise bar recovery, does not appeal to our sense of justice. It can be disposed of by adopting the rule of some jurisdictions that in personal injury actions alleging breach of warranty no such notice need be given because, as here, plaintiff is not a "buyer" within the contemplation of the statute. But such disposition, and similarly the elimination of privity, is only a transparent device to reach a desired result by eliminating bars to recovery imposed by the law of sales.

....

If traditional commercial contractual limitations, such as the requirement of notice or the doctrine of privity, were applied to this case, defendant's liability upon the ground of breach of an express warranty could not be upheld....

Without attempting to discuss the many cases adopting the rule of strict liability and the many articles testifying to the remarkable shift towards its adoption we hold that neither notice nor privi-

ty need be alleged or proved in cases like the one before us. We do so not simply to eliminate these contractual limitations upon a claim for personal injury against a manufacturer based upon a breach of an expressed warranty (as was done long ago with respect to implied warranties) but, more importantly, to declare our agreement with the principles underlying the rule of strict tort liability and to record our intention of applying that rule in this type of case....

... Moreover, we desire to set at rest such future arguments which seek to raise various illusory contract defenses to a rule of liability which we believe should be imposed by law, in tort, as a matter of policy in cases such as this.

154 N.W.2d at 499, 500–01 (footnotes omitted). *See also Farr v. Armstrong Rubber Co.*, 288 Minn. 83, 179 N.W.2d 64 (1970). Based upon *McCormack*, plaintiffs contend that a personal injury warranty claim sounds more in tort than a contract; thus, the four-year UCC limitation period should apply only to contractual breach of warranty claims, whereas the six-year negligence limitation period should apply to tortious breach of warranty claims.

The court rejects plaintiffs' analysis for four reasons. First, plaintiffs' tort-contract dichotomy is not supported by the law. No Minnesota case, including *McCormack*, stands for the proposition that warranty claims are divided into two types, contractual and tortious. Second, as was discussed above, the code comment states that the limitation period for personal injury actions resulting from breach of warranty is fixed at four years, thus eliminating the need to choose between a contract or a tort limitation period. Third, the Minnesota courts recognize that a breach of warranty claim is a distinct cause of action arising from the statutory scheme of the UCC. *See O'Laughlin v. Minnesota Natural Gas Co.*, 253 N.W.2d 826 (Minn.1977). Thus, any distinctions between tort and contract are irrelevant. Furthermore, to the extent that the UCC provides a statutory cause of action, the four-year UCC limitation period is appropriate for this

claim. Fourth, in Minnesota product liability actions, the legal theory of an action, rather than the type of injury, dictates the limitation period. For example, compare the four-year statute of limitations for strict liability claims against manufacturers, Minn.Stat. § 541.05, subd. 2 (1984), with the six-year statute of limitations for negligence claims, Minn.Stat. § 541.05, subd. 1(5) (1984). *See also* D. Heins, Statutory Changes in Minnesota Tort Law—1978, 48 *Hennepin Lawyer* 6 (Sept.-Oct. 1978). Thus, in a products liability action, use of a four-year limitation period for a breach of warranty claim is not inconsistent with use of other limitation periods for claims based upon different legal theories.

Upon the foregoing, the court holds that a breach of warranty claim in a personal injury action is governed by the four-year UCC limitation period of Minn.Stat. § 336.-2–725. Because plaintiffs filed this action more than four years after the sale of the vehicle involved in the accident and more than four years after the accident, plaintiffs' breach of warranty claim is barred by the statute of limitations. Thus, the second count of plaintiffs' complaint (breach of warranty) will be dismissed with prejudice.

Accordingly,

IT IS ORDERED That defendants' motion for partial summary judgment be and the same hereby is granted and the second count of plaintiffs' complaint (breach of warranty) is hereby dismissed with prejudice.